**Charles Allen MEYER, Petitioner–Appellant,**

v.

**Doug DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 03–11195.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided July 14, 2004.

Danny D. Burns, Fort Worth, TX, for Petitioner–Appellant.

Elizabeth A. Goettert, Office of the Attorney General for the State of Texas, Austin, TX, for Respondent–Appellee.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM: *

Charles Allen Meyer, Texas prisoner number 875969, appeals the district court's denial of his 28 U.S.C. § 2254 application. A certificate of appealability was granted as to the issue whether the district court erred in rejecting Meyer's speedy-trial claim under the standard of review in 28 U.S.C. § 2254(d). Meyer contends that the decision of the state appellate court affirming his convictions was contrary to established Supreme Court precedent in *Moore v. Arizona,* 414 U.S. 25, 94 S.Ct.

188, 38 L.Ed.2d 183 (1973) and *Doggett v. United States,* 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), as it required him to make an affirmative showing of prejudice. Meyer contends that, under *Moore* and *Doggett,* prejudice must be presumed.

The state appellate court properly balanced the four factors delineated in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The state court's decision does not indicate that the court considered this to be a case in which the first three factors weighed so heavily in Meyer's favor that a showing of prejudice was unnecessary. *Doggett,* 505 U.S. at 655–56, 112 S.Ct. 2686. Meyer has not shown that the decision of the state appellate court was contrary to, or involved an unreasonable application of, the above cases. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 405–06, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.